PETROPLUS, JUDGE:
This case involves a claim filed by W. Dale Enochs against the West Virginia Department of Highways, as Respondent, for recovery of damages to his 1966 Chevrolet automobile alleged to have been caused by a deposit of tar under his car emanating from a fresh tarred road in Huntington, West Virginia. The Respondent in its answer admitted that an asphalt emulsion had been placed on the road by a tar distributor truck consisting of a mixture of 60 per cent water and about 40 per cent diesel oil by a spraying process designed to seal the road. A sand truck followed the sprayer and covered the oil base with sand to prevent motor vehicles from sliding on the oil base which took about 18 to 20 hours to dry. Although the State contended that there was no tar in the mixture, signs had been posted reading “Fresh Tar” for the purpose of slowing up vehicles that traveled the road. The Claimant emphatically denied the presence of the signs and produced evidence that not only was his vehicle covered underneath by a black substance appearing to be a tar compound, but further the oily substance on the manifold and under his car caused the engine to ignite, burning the distributor, coils, wires, valves, and other components of the engine.
The damages appear to be the proximate result of the oily substance that was deposited on the car igniting from the heat of the engine. The Respondent’s witnesses testified that the substance used for sealing the road was non-inflammable.
Although the evidence supporting the charge of negligence of the employees of the State was not too satisfactory, it is the finding of the *276 Court that sufficient evidence was offered to establish that the substance, whatever it might have been, was flammable when it came into contact with a heated engine. The extent with which the black substance was deposited on the car also indicates that it was profusely distributed without a proper sanding follow-up operation. It is the further finding of the Court that a driver of a motor vehicle over such road could not reasonably foresee the hazard of a fire resulting from the oily substance coming into contact with the undercarriage of the vehicle. Road maintenance should be performed with ordinary and proper care and not expose the traveling public to danger or extraordinary hazards. Road sealing operations are not intrinsically dangerous if properly performed, and usually do not require the suspension of traffic unless of a major nature. In this case the State admittedly made no effort to keep traffic off the freshly oiled road, its witnesses stating that the sanding truck which followed the distributor tank removed any hazard of sliding or spraying of the oil in an indiscriminate manner.
We, therefore, conclude that the sealing operation was improperly conducted, without the exercise of reasonable care, and that the Claimant’s damages are the proximate consequence of said negligence. Although the Claimant may have had notice of the existence of the oily substance, we do not hold that he assumed the risks of driving over a dangerous roadway with an awareness of the dangers involved. No evidence of contributory negligence was offered by the State.
For the foregoing reasons, an award will be made to the Claimant in the amount of $175.27, that being the lower of the two estimates offered by him as to the cost of repairing the car, replacing the burnt components, and otherwise cleaning the car.
Award of $175.27.